UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BUDGET RENT A CAR SYSTEM, INC.                                                          PLAINTIFF

v.                                         No. 5:22-cv-05097

THONGPHUON CHANTHANOUN                                                                 DEFENDANT

## OPINION AND ORDER

Before the Court is Plaintiff Budget Rent A Car System, Inc.'s ("Budget") motion for declaratory judgment by default (Doc. 12). Defendant Thongphoun Chanthanoun has neither entered an appearance nor responded to any pleading. The Clerk entered default under Federal Rule of Civil Procedure 55(a) (Doc. 11). Budget's motion for default judgment will be granted for the reasons stated below.

Under Federal Rule of Civil Procedure 55, the Clerk must enter a party's default before the Court can grant default judgment under Rule 55(b)(2). *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998). Defendant failed to appear and answer or respond to Plaintiff's complaint, so the Clerk entered the Defendant's default. The allegations from the complaint are therefore deemed admitted by Defendant. Fed. R. Civ. P. 8(b)(6).

This action relates to a car accident that occurred on June 28, 2019 between Defendant and Taylor McKenzie Pennington. (Doc. 2, p. 2). Defendant rented the car he drove from Budget franchisee A Betterway Rent-a-Car, Inc. the day before the accident in Georgia. *Id.* The accident, a head-on collision caused by Defendant, took place in Franklin County, Arkansas. *Id.* Following the accident, Arkansas State Police drew blood from Defendant, and the blood sample tested positive for amphetamine and methamphetamine. *Id.* As a result of the accident, the State of Arkansas charged Defendant with numerous crimes. *Id.*

1

Budget seeks a declaration under 28 U.S.C. § 2201 that no coverage exists because Defendant violated the car rental terms and conditions. (Doc. 2, p. 5). Specifically, Budget points to language in the terms that states "a violation of this paragraph, will automatically terminate your rental and is an exclusion to and voids all liability protection . . . ." (Doc. 2-2, p. 1). Prohibited behavior includes driving "under the influence of alcohol or a controlled substance" and "conduct that could properly be charged as a felony or misdemeanor . . . ." (*Id.*) Budget asserts Defendant was not covered, and Budget has no duty to defend because the Defendant was driving under the influence of methamphetamine and charged with numerous crimes. (Doc. 2, p. 5.)

The Court will apply Arkansas law because federal courts sitting in diversity apply the forum state's law. *Guardian Fiberglass, Inc. v. Whit Davis Lumber Co.*, 509 F.3d 512, 515 (8th Cir. 2007). Under Arkansas law, courts give unambiguous contract language its plain meaning to determine how to apply the contract terms. *S. Constr., LLC v. Horton*, 609 S.W.3d 16, 26 (Ark. Ct. App. 2020). The same is true for insurance contracts. *See Permanent Gen. Assurance Corp. v. Powell*, 2019 WL 4674493, at *3 (W.D. Ark. Sep. 25, 2019) (citing *Unigard Sec. Ins. Co. v. Murphy Oil USA, Inc.*, 962 S.W.2d 735, 739–40 (Ark. 1998)). Therefore, if the language in Budget's rental terms and conditions is unambiguous, it is given its plain meaning.

The contractual language at issue here is unambiguous. The rental agreement terms explicitly list what events amount to prohibited uses that trigger a voiding of liability protection. Defendant violated the terms and conditions by driving under the influence of methamphetamine and engaging in conduct that could properly be charged as a felony or misdemeanor. As a result, Defendant's actions voided his liability protection under the rental terms and conditions. Defendant's voiding of his liability protection means that no coverage existed when the accident occurred. Moreover, Defendant's actions also relieve Budget of any obligation to defend or

indemnify Defendant under the terms of the rental agreement.

IT IS THEREFORE ORDERED that Budget's motion for default judgment (Doc. 12) is GRANTED.  A declaratory judgment will be entered accordingly.

IT IS SO ORDERED this 25th day of August, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE